IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TRAVIS PAUL MCDONALD, | § | |
| | § | |
| Defendant/Movant, | § | |
| | § | |
| V. | § | CIVIL ACTION  NO. H-07-860 |
| | § | CRIMINAL ACTION NO. H-03-389-22 |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff/Respondent. | § | |

**MEMORANDUM AND RECOMMENDATION
GRANTING UNITED STATES' MOTION FOR SUMMARY JUDGMENT**

Before the Magistrate Judge in this proceeding under 28 U.S.C. § 2255, is the United States'

Motion for Summary Judgment Pursuant to Plea Agreement Waiver and in the Alternative Answer

and Motion for Dismissal  (Document No. 1641), and Movant Travis Paul McDonald's 28 U.S.C.

§ 2255 Motion to Vacate, Set Aside or Correct Sentence and Memorandum of Law in Support

(Document Nos. 1627 & 1628).   Having considered the Motion to Vacate, Set Aside or Correct

Sentence and Memorandum in Support, the United States' Motion for Summary Judgment, the

record of the proceedings before the District Court in the underlying criminal case, the determination

on appeal, and the applicable law, the Magistrate Judge RECOMMENDS, for the reasons set forth

below, that the United States' Motion for Summary Judgment be GRANTED, that Movant

McDonald's § 2255 Motion to Vacate, Set Aside or Correct Sentence be DENIED, and that this

§ 2255 proceeding be DISMISSED with prejudice.

## I.     Procedural History

Movant Travis Paul McDonald ("McDonald"), who is currently in the custody of the United States Bureau of Prisons, is seeking federal habeas corpus relief under 28 U.S.C. § 2255.  This is McDonald's first motion pursuant to § 2255.

On December 10, 2003, McDonald was charged by Superseding Indictment with conspiracy to possess with intent to distribute 50 grams of more of methamphetamine (count 1), conspiracy to commit money laundering (count 7) and five counts of money laundering (counts 8-12).  (Document No. 306).   Following plea negotiations, McDonald waived Indictment and was charged in a Superseding Information with one count of possession with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A).  (Document Nos. 634 & 635). McDonald pled guilty to the one count of the Superseding Information on April 2, 2004, pursuant to a written Plea Agreement.  (Document Nos. 636, 637, and 638).   Thereafter, following the preparation of a presentence investigation report, to which McDonald filed objections, McDonald was sentenced to 188 months incarceration, to be followed by a five year term of supervised release, and a $5,000 fine.  (Document No. 920).  A Judgment of Conviction was entered on October 27, 2004. (Document No. 934).

McDonald, despite having waived his right to appeal in connection with his written Plea Agreement, appealed his sentence to the Fifth Circuit Court of Appeals.  On January 27, 2006, the Fifth Circuit dismissed McDonald's appeal as frivolous.  (Document No. 1571).  McDonald then, on or about March 14, 2007, filed his § 2255 Motion to Vacate, Set Aside or Correct Sentence (Document No. 1627) and Memorandum in Support (Document No. 1628).  The Government has filed a Motion for Summary Judgment Pursuant to Plea Agreement Waiver, and in the Alternative

Answer and Motion for Dismissal (Document No. 1641), to which McDonald has filed a Traverse in opposition (Document No. 1647).  This § 2255 proceeding is ripe for ruling.

## II.     Claims

McDonald raises essentially two claims in this § 2255 proceeding:

1.      that he was constructively denied an appeal when his appellate counsel filed a "no merits" *Anders* brief; and

2.      that his sentence, which was based on facts not admitted to him or found by a jury beyond a reasonable doubt (including drug quantity and a firearm enhancement), is unconstitutional and runs afoul of the Supreme Court's decisions in *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531 (2004) and *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738 (2005).

The Government argues in its Motion for Summary Judgment that dismissal of McDonald's § 2255 Motion to Vacate, Set Aside or Correct Sentence is warranted because McDonald, as part of his written Plea Agreement, knowingly and voluntarily waived his right to collaterally challenge his conviction and sentence in a § 2255 proceeding such as this.  In the alternative, the Government argues that no relief is available to McDonald on the merits of his claims.

## III.    Discussion – Waiver

A defendant's waiver of his statutory right to collaterally challenge his conviction with a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 is generally enforceable if the waiver is both knowing and voluntary.  *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994); *United States v. Davila,* 258 F.3d 448, 451-52 (6th Cir. 2001).   When, however, a defendant alleges that his counsel was ineffective in negotiating a plea agreement, such ineffectiveness claims survive

the waiver if "the claimed assistance affected the validity of that waiver or the plea itself." *United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002) (holding that "an ineffective assistance of counsel argument survives a waiver of appeal only when the claimed assistance directly affected the validity of that waiver or the plea itself"). In addition, such waivers do not "preclude review of a sentence that exceeds the statutory maximum." *United States v. Hollins*, 97 Fed. Appx. 477, 479 (5th Cir. 2004). In the context of a plea agreement waiver, a sentence exceeds the statutory maximum only when it exceeds the maximum allowed by statute. *United States v. Bond*, 414 F.3d 542, 546 (5th Cir. 2005); *United States v. Cortez*, 413 F.3d 502, 503 (5th Cir. 2005), *pet. for cert. filed* (U.S. Sept. 14, 2005) (No. 05-369).

In this case, the record shows that McDonald, as part of his written Plea Agreement, waived his right to appeal, including the manner in which his sentence was determined, and waived his right to collaterally challenge his conviction and/or sentence. The Plea Agreement provides in this respect:

## WAIVER OF RIGHT OF APPEAL

14. The defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Knowing that, the defendant waives the right to appeal the plea, conviction and sentence (or the manner in which it was determined) on the grounds set forth in Title 18, United States Code, Section 3742, except for an upward departure. This agreement does not affect the rights or obligations of the United States as set forth in Title 18, United States Code, Section 3742(b).

**The defendant is also aware that the United States Constitution and the laws of the United States, including Title 28, United States Code, Section 2255, afford the defendant the right to contest or "collaterally attack" his conviction or sentence after his conviction has become final. Knowing that, the defendant knowingly waives his right to contest or "collaterally attack" his plea, conviction and sentence by means of any post-conviction proceeding.**

15. In agreeing to this waiver, the defendant is aware that a sentence has not yet been determined by the Court. The defendant is also aware that any estimate of

the probable sentencing range under the sentencing guidelines that the defendant may have received from the defendant's counsel, the United States or the Probation Office, is a prediction, not a promise, and is not binding on the United States, the Probation Office or the Court.  The United States does not make any promise or representation concerning what sentence the defendant will receive.  Realizing the uncertainty in estimating what sentence the defendant will ultimately receive, the defendant knowingly waives his right to appeal in exchange for the concessions made the United States in this plea agreement.

16.  The United States reserves the right to carry out its responsibilities under guidelines sentencing.  Specifically, the United States reserves the right: (a) to bring its version of the facts of this case including its file and any investigative files to the attention of the Probation Office in connection with that office's preparation of a Presentence report; (b) to dispute sentencing factors or facts material to sentencing; (c) to seek resolution of such factors or facts in conference with defendant's counsel and the Probation Office and (d) to file a pleading relating to these issues, in accordance with Section 6A1.2 of the Sentencing Guidelines and Police Statements.

The defendant understands that the guideline range under the Sentence Guideline will be determined by the United States Probation Department and the Court and that their determination is not part of this agreement.

17.  This plea agreement binds only the United States Attorney's Office for the Southern District of Texas and the defendant; it does not bind any other United States Attorney.

Plea Agreement (Document No. 638) at ¶ 14-17, pp.9-10 (emphasis added).  In addition, at his

Rearraignment, after making sure that McDonald had personally read the Plea Agreement and had

conferred with his attorney about the contents of the Plea Agreement, the Court carefully questioned

McDonald about the waiver provisions in the Plea Agreement:

THE COURT:  All right.  Now, back here on Page 9, waiver of right of appeal, Paragraph 14, it states that you are aware pf your right to appeal the sentence imposed, and it says, knowing that, you waive and give up your right to appeal to a higher court the plea, conviction and sentence or the manner in which it was determined, except for upward departure.  You understand?

DEFENDANT McDONALD:  Yes, sir.

THE COURT:  So if I make a mistake in the sentencing, then you have to live with that and don't have a right to appeal to a higher court, you understand?  Unless it's an upward departure.

DEFENDANT McDONALD:  Yes, sir.

THE COURT:  All right.  This next paragraph talks about your rights to the Constitution and Title 28, United States Code, Section 2255, where the defendant has the right to contest or collaterally attack his conviction after the sentence, after the conviction has become final.  You have read that paragraph?

DEFENDANT McDONALD:  Yes, sir.

THE COURT:  You have heard of a petition for writ of habeas corpus?

DEFENDANT McDONALD:  Yes, sir.

THE COURT:  That is one of the types of collateral attacks sometimes, such as this. And another one is under Section 2255 where the case is over, conviction is final, the sentence has been imposed, there is no appeal, the defendant is in prison.  Sometimes the prisoner wants to come back and open a new lawsuit, challenge it all, and say there was something unconstitutional in some fashion or another.

And what you are saying here is that you waiver or give up your right to do that.  Is that your agreement?

DEFENDANT McDONALD:  Yes, sir.

Rearraignment Transcript (Document No. 707) at pp.12-13.  Following additional admonishments, the Court determined that McDonald's guilty plea was knowing and voluntary.  *Id.* at 21.

McDonald's plea agreement waiver of his right to collaterally attack his conviction and/or sentence with a § 2255 motion is, upon this record, enforceable.  McDonald has not alleged that his Plea Agreement or the waivers contained therein were not knowing and voluntary.  In addition, McDonald has not asserted any ineffectiveness claims which have any bearing on the knowing and voluntary nature of his Plea Agreement and the waivers contained therein.  The record shows that McDonald affirmed having read the entire Plea Agreement and having discussed its contents with

6

counsel.  In addition, McDonald affirmed that the Plea Agreement contained the entirety of his agreement with the Government and acknowledged that any sentence prediction that he had received from his counsel or the Government was a prediction, not a promise.  In addition, McDonald's sentence does not exceed the statutory maximum – that is, the maximum sentence allowed by statute, *see* 21 U.S.C. §§  841(a)(1), (b)(1)(A) (statutory maximum life), does not reflect an upward departure from the Sentencing Guidelines, and does not implicate *Booker. See United States v. Bond*, 414 F.3d at 542, 545-46 (2005) (construing phrase "statutory maximum" in a plea agreement waiver to mean "'the upper limit of punishment that Congress has legislatively specified for violations of a statute'").  While McDonald argues in his Brief in Support of his § 2255 Motion that the Court's calculation of the drug quantity in excess of that alleged in the Superseding Information, and the application of the firearm enhancement resulted in a sentence that exceeded the statutory maximum, such an argument is foreclosed by the Fifth Circuit's decision in *Bond*, 414 F.3d 542. *See also United States v. Burns*, 433 F.3d 442, 450-51 (5th Cir. 2005) ("We join the other circuits in holding that an otherwise valid appeal waiver is not rendered invalid, or inapplicable to an appeal seeking to raise a *Booker* or *Fanfan* issue."); *e.g., United States v. Escamilla*, 176 Fed. Appx. 455 (5th Cir. 2006) (holding that upward adjustments under the sentencing guidelines are not upward departures excepted from the waiver provisions in the defendant's plea agreement).

As for McDonald's claim that he was effectively denied an appeal, an appeal he knowingly and voluntarily waived in connection with his Plea Agreement, because the record shows that an appeal was filed on McDonald's behalf, and because the Supreme Court in *Anders v. California*, 386 U.S. 738, 744 (1967), specifically provided for the filing of a no merits brief by appellate counsel, as was done in this case, no relief is available to McDonald on the merits of his claim. *See Smith v.*

7

*Robbins*, 528 U.S. 259, 278 (2000) ("an indigent defendant who has his appeal dismissed because it is frivolous has not been deprived of 'a fair opportunity' to bring his appeal, for fairness does not require either counsel or a full appeal once it is properly determined that an appeal is frivolous.") (internal citations omitted).[1]


**IV.    Conclusion and Recommendation**

Based on the foregoing and the conclusion that McDonald knowingly and voluntarily waived his right to collaterally attack his conviction, and that no relief is available to McDonald on his claim that he was effectively denied an appeal, the Magistrate Judge

RECOMMENDS that the United States' Motion for Summary Judgment Pursuant to Plea Agreement Waiver (Document No. 1641) be GRANTED, that Movant Travis Paul McDonald's 28 U.S.C. § 2255 Motion to Vacate, Set Aside or Correct Sentence (Document No. 1627) be DENIED, and that this § 2255 proceeding be DISMISSED WITH PREJUDICE.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record.  Within 10 days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), FED. R. CIV. P. 72(b), and General Order 80-5, S.D. Texas.

---

[1] McDonald cites to the Fifth Circuit's recent decision in *United States v. Tapp*, 491 F.3d 263 (5th Cir. 2007), in support of his argument that he was, notwithstanding his plea agreement waivers, entitled to a direct appeal.  In *Tapp*, the Fifth Circuit held that where a petitioner " is able to demonstrate by a preponderance of the evidence that he requested an appeal, prejudice will be presumed and the petitioner will be entitled to file an out-of-time appeal, regardless of whether he is able to identify any arguable grounds for appeal that would not have been precluded by the terms of his appeal waiver." *Tapp* is not applicable here.  McDonald requested that his counsel file a Notice of Appeal, and counsel complied.  *Tapp* cannot be read to require appellate counsel, in contravention of *Anders*, to file a merits brief in case in which there are no meritorious issues for appeal.

Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en banc). Moreover, absent plain error, failure to file objections within the ten day period bars an aggrieved party from attacking conclusions of law on appeal.  *Douglass v. United Services Automobile Association,* 79 F.3d 1415, 1429 (5th Cir. 1996).  The original of any written objections shall be filed with the United States District Clerk, P.O. Box 61010, Houston, Texas 77208.

Signed at Houston, Texas, this 21st  day of September, 2007.

Frances H. Stacy
United States Magistrate Judge